UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROMEL ACEITUNO-CASTRO Immigration No. A203-795-259, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) No. 2:26-cv-00061-JPH-MKK |
| SAMUEL OLSON Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement, Department of Homeland Security, BRISON SWEARINGEN in his official capacity as Jailer, Clay County Jail, | ) ) ) ) ) ) ) |
| Respondents. | ) ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Mr. Romel Aceituno-Castro is detained at the Clay County Jail under the authority of U.S. Immigration and Customs Enforcement ("ICE"). Mr. Aceituno-Castro now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 7.

For the reasons explained below, the Court grants the petition with alternative relief, specifically, that no later than **5:00 p.m. on February 13, 2026**, Respondents must either: (1) afford Mr. Aceituno-Castro an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Aceituno-Castro from custody, under reasonable conditions of supervision.

1

## I.    Background

Mr. Aceituno-Castro is a citizen of Honduras. Dkt. 1 ¶ 17. He entered the United States on or about June 8, 2019. *Id.* ¶ 3. On June 14, 2019, the Department of Homeland Security ("DHS") issued a Notice to Appear to Mr. Aceituno-Castro and released him on his own recognizance. Dkt. 10-2 at 1, 4. He has a pending application for asylum. *Id.* ¶ 23.

On December 8, 2025, DHS issued an I-200 Warrant for Arrest of Alien directed at Mr. Aceituno-Castro, and the warrant was served on December 16, 2025. Dkt. 10-1 at 1.  The Notice to Appear charges Mr. Aceituno-Castro with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 10-2 at 1. The "arriving alien" checkbox is unmarked. *Id.*

Mr. Aceituno-Castro has requested a custody redetermination hearing, which an immigration judge denied on the basis that he lacked jurisdiction. Dkt. 1 ¶ 8.

## II.    Discussion

Mr. Aceituno-Castro states that he applied for bond redetermination but the immigration judge denied bond on the basis that he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Dkt. 1 ¶ 8. In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") determined that "aliens who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C.

§ 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. at 220. The BIA rejected the argument that a noncitizen residing in the interior of the United States without lawful status is eligible for a bond hearing under 8 U.S.C. § 1226(a). *Yajure Hurtado*, 29 I&N Dec. at 221.

Mr. Aceituno-Castro contends Respondents' decision regarding his detention is not legally justifiable. Dkt. 1 ¶ 31. He argues that his detention violates the Immigration and Nationality Act ("INA") and the Constitution. Dkt. 1 ¶¶ 9, 33–35. He further contends that his individualized circumstances support his release on bond. Dkt. 1 ¶ 9.

Respondents maintain that Mr. Aceituno-Castro's detention is lawful under *Yajure Hurtado* and 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because he received a determination from an immigration judge; and that his detention is constitutional. Dkt. 10. Respondents acknowledge that, "should the Court adhere to the legal reasoning in [its] prior decisions," those cases "control the result in this case." Dkt. 10 at 1.

The Court finds that Mr. Aceituno-Castro is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), § 1226(a) applies to him, and his detention is unlawful because he has not been afforded an individualized bond hearing. Because Mr. Aceituno-Castro is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225.[1] While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

    (1) may continue to detain the arrested alien; and

    (2) may release the alien on—

        (A) bond . . . ; or

        (B) conditional parole . . . .

---

[1] Mr. Aceituno-Castro's petition does not explicitly make the §§ 1225 and 1226 argument by referencing those statutes. While the Court is mindful of its duty to follow the party presentation principle, *DHS v. Thuraissigiam*, 591 U.S. 103, 127 (2020), the Court finds here that by contesting detention premised on the unavailability of bond under *Yajure Hurtado*, Mr. Aceituno-Castro is contesting the government's current interpretation of § 1226(a). Respondents also construe Mr. Aceituno-Castro's petition as raising the §§ 1225 and1226 argument—their Return addresses it head-on. So, the Courts proceeds to consider the merits of that argument in this case.

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the noncitizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking*

*admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Aceituno-Castro Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Aceituno-Castro is eligible for a bond hearing under § 1226(a).  Considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Aceituno-Castro who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous;

and (4) is inconsistent with decades of prior statutory interpretation and practice.[2] *See, e.g., Alejandro*, 2025 WL 2896348, at *5–8.

The respondents here cite some contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 10 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning. The Court has considered the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026), finding that 1225(b)(2)(A)'s mandatory detention provision applies to all aliens who have been present in the United States for a substantial length of time and are arrested in the interior of the United States rather than at its border. The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.* as persuasive precedent. 161 F.4th 1048, 1060-62 (7th Cir. 2025); s*ee Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F. 4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would

---

[2] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply. *See Alejandro*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *5–8.

not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

Accordingly, the Court concludes that Mr. Aceituno-Castro is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### C. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Aceituno-Castro is being lawfully detained under § 1226(a) "because he has received a hearing before an Immigration Judge." Dkt. 10 at 13. Respondents argue, therefore, that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Aceituno-Castro will have a bond hearing where the Immigration Judge will consider whether to grant bond instead of determine that it lacks jurisdiction to do so. In fact, Respondents contend that Mr. Aceituno-Castro is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition. Mr. Aceituno-Castro has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III.    Scope of Relief

Mr. Aceituno-Castro is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Aceituno-Castro requests immediate release from custody or "any other relief which this Court deems just and proper." Dkt. 1 at 7. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, ordering an individualized bond hearing is appropriate here because detention under § 1226(a) is discretionary and the violation of the statute arises from Mr. Aceituno-Castro's detention without a bond hearing.

### IV.    Conclusion

The Court **grants** the petition to the extent that no later than **5:00 p.m. on February 12, 2026**, Respondents must either: (1) provide Mr. Aceituno-Castro with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Aceituno-Castro from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on February 13, 2026**, Respondents must file documentation certifying that they have provided Mr. Aceituno-Castro with a bond hearing,

including apprising the Court of the results of the hearing. If Respondents release Mr. Aceituno-Castro, then they must file documentation certifying his release.

Mr. Aceituno-Castro's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 2/11/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Michael D. Ekman
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Calesia Henson
DOJ-USAO
calesia.henson@usdoj.gov

Bradley Johnson
DOJ-USAO
717 W Broadway
Louisville, KY 40202

David G. Pugh
The Pugh Law Group, PC
33 N. County Street, Suite 308
Waukegan, IL 60085

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Benjamin Seth Schecter
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Timothy D. Thompson
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov